# EXHIBIT 4

## GUARANTY

This Personal Guaranty ("Guaranty") is made this 24th day of August 2017, by the undersigned in order to induce Michael Schoeff (hereinafter "Investor") to enter into that certain Private Placement Memorandum ("PPM"), dated January 31, 2017 with TRC Funding Group No. 1 LLC, a Florida limited liability company (hereinafter referred to as the "Company") located at 1000 Corporate Drive, Suite 610, Fort Lauderdale, Florida 33334.

The undersigned guarantors (hereinafter collectively referred to as "Guarantor") jointly and severally, absolutely and unconditionally guarantee to Investor and assume full responsibility for financial performance by the Company under the PPM and Investor's Subscription Agreement to redeem the Preferred Units, purchased by Investor for four hundred thousand dollars ($400,000.00) on the date above ("Purchase").

This Guaranty is of a continuing nature and may not be canceled by the undersigned for so long as the Investor's Preferred Units purchased on this date have not been fully redeemed pursuant to the terms of the Subscription Agreement, as accepted by the Company. This Guaranty shall be construed and interpreted in accordance with the laws of the State of Florida. Investor shall not be obligated or required to exhaust its remedies against the Company as a condition precedent to its enforcement of or collection under this Guaranty. This instrument of Guaranty shall be construed as a guaranty of payment and performance rather than as a guaranty of collection.

The undersigned, as Guarantor, waives all common law and statutory defenses, if any, and all notices of default, demand, extension, renewal, acquiescence or waivers on the part of the Company and no act or manner of conduct of the Landlord shall act, be construed or operate to release the obligations of the undersigned as Guarantor. Guarantor hereby consents, without notice to Guarantor and without affecting their liability to the Investor, and apply any sums in whatever manner paid or realized to pay liabilities of the Company to the Investor regardless of what liabilities of the Company remain unpaid or unperformed.

The undersigned acknowledges, as principal of the Company, that Investor's purchase of Preferred Units is of substantial and material benefit to the Guarantor; that but for Guarantor's agreement to guaranty the Company's obligations and duties set forth above, Investor would not have purchased the referenced Preferred Units on this date; that they have received valuable consideration for the execution and delivery of this Guaranty to Investor, and that this Guaranty shall inure to the benefit of Investor, its successors and assigns. As further inducement to Investor to purchase the Preferred Units and in consideration hereof, the undersigned Guarantor agrees that in any action or proceeding brought on, under or by virtue of this Guaranty, the undersigned shall and does hereby knowingly, voluntarily, and intentionally waive trial by jury in respect to any litigation based hereon or arising out, under or in connection with this Guaranty, and the undersigned agrees that the applicable courts of Florida will have jurisdiction over the undersigned and that venue for any such litigation or proceeding shall lie in Broward County, Florida. If any action, litigation or proceeding are instituted by Investor to enforce the terms of this Guaranty or its rights hereunder against Guarantor, then Guarantor agrees to pay Investor all expenses incurred by Investor relative or arising out of such action, litigation or proceeding,

including, but not limited to, court costs and all attorneys' fees incurred by Investor through all trial and appellate levels.

Guarantor has read, understand, and agree to the provisions contained in this Guaranty, have had an opportunity to have this Guaranty reviewed by their independent counsel, and hereby voluntarily execute this Guaranty with the intent to be legally bound by its terms, conditions, and obligations set forth herein.

*<u>Notwithstanding anything to the contrary contained herein, this Guaranty shall be limited to any violation of the covenants set forth below, which has not been cured within thirty (30) business days from the date of a violation, and shall be deemed a Recourse Event (as defined below)</u>*. In the event of a Recourse Event, there shall be no limitation on this Guaranty.

A "Recourse Event" shall mean:

a) With the exception of additional purchases of Preferred Units, from the date hereof, (i) by Investor of Preferred Units for $500,000, (ii) by Kevin Friedman for $25,000 no later than August 21, 2017, (iii) Vijay Patel for $500,000 no later than October 31, 2017, and (iv) an additional amount that would bring the total capital raised under the PPM to five million dollars ($5,000,000.00), providing that the additional amount would be redeemable after Investor's Purchase is redeemed, the Company shall be required to notify Investor within thirty (30) business days to advise that the Company and/or its affiliates raised additional capital, only if the repayment of the subsequently raised capital would have a payment preference or priority of any kind whether, structured as a redeemable preferred, debt instrument or any other form. In the event that Company is required to provide Investor with the aforementioned notice, the Company shall offer the Investor one of the three following options, the selection of which supersedes and replaces the terms set forth in the PPM:

    (i) Investor gives its prior written approval waiving this Recourse Event and advising the Company and its affiliates that the Investor has no objection to the Company and/or its affiliates proceeding with the capital raise and that Investor wishes to continue with its Purchase of Preferred Units consistent with the Subscription Agreement that Investor provided and the Company accepted;

    or

    (ii) Investor advises the Company to fully redeem Investor's forty (40) Preferred Units, which were purchased on <u>August 24, 2017</u> for <u>four hundred thousand U.S. dollars (US$400,000)</u> ("Purchase Price"), no later than thirty (30) days from the date of Investor's written notice ("Accelerated Redemption Date"), by paying Investor the sum of:

        a. Purchase Price in the Purchase; <u>plus</u>
        b. An amount equal to 8.33% per month multiplied by the Purchase Price times the number of months calculated from the date of the Investor's



Subscription Agreement through the Accelerated Redemption Date;

or

(iii) Investor advises the Company to fully redeem Investor's forty (40) Preferred Units, which were purchased on <u>August 24, 2017</u> for <u>four hundred thousand U.S. dollars (US$400,000) ("Purchase Price"),</u> no later than thirty (30) days from the date of Investor's written notice ("Accelerated Redemption Date"), by paying Investor the sum of:

    a. Either:

        i. 8.33% per month multiplied by the Purchase Price for each month from the date of the Subscription through the Accelerated Redemption Date commencing from the date of the purchase through the date of redemption if the Accelerated Redemption Date is less than one hundred eighty (180) days; or

        ii. 8.33% multiplied by twelve (12) if the Accelerated Redemption Date is one hundred eighty (180) days or more from the date of the original purchase of the Preferred Units; <u>plus,</u>

    b. Rolling over the Partial Redemption Amount (as that term is defined in the PPM), which is Ten thousand U.S. dollars (US$10,000) per Preferred Unit acquired by the Investor in the Purchase, into either Preferred Series B Units or Preferred Series C Units as provided in the PPM.

b) Any increase in the amount of compensation in excess of two hundred fifty thousand dollars ($250,000) plus (i) a five percent (5%) cost of living increase every 12 months and (ii) a performance bonus of up to fifty percent (50%), for any twelve month period commencing from the date hereof, to each of Ghen Sugimoto, Diane Sugimoto, David Hammer or Mitchell Hammer.

**GUARANTOR: GHEN SUGIMOTO**

By: _____

Address: _____

_____

Social Security Number: _____

Dated this __24th__ day of August __, 2017.

**GUARANTOR: DAVID HAMMER**

By: _David Hammer_

Address: _____

_____

Social Security Number: _____

Dated this __24th__ day of August __, 2017.

**GUARANTOR: MITCHELL HAMMER**

By: _Mitchell Hammer_

Address: _____

_____

Social Security Number: _____

Dated this __24th__ day of August __, 2017.



Notary Public State of Florida
Heidi Loub
My Commission FF 205137
Expires 00/00/2018