UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 0:19-cv-62481-PCH



FILED BY _____ D.C.

NOV 22 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

KEVIN FRIEDMAN, VIJAY PATEL,
JONATHAN SCHOEFF, MICHAEL SCHOEFF,
and GEORGE SKAFF,

        Plaintiff,

v.

DAVID HAMMER; MITCHELL HAMMER;
GHEN SUGIMOTO; DIANE SUGIMOTO;
TRC FUNDING GROUP NO. 1 LLC; and
SMART LEGAL SOLUTIONS, LLC,

        Defendants.

_____/

## VERIFIED MOTION FOR SANCTIONS PURSUANT TO RULE 11

COMES NOW, Defendant, DAVID HAMMER, *pro se* ("Hammer"), and moves this Court for sanctions against all Plaintiffs and their counsel, because Plaintiffs, through their counsel, filed the Complaint in this action when they lack any basis in law or fact (i.e., the Complaint is <u>frivolous</u> as a matter of law), after being advised that the Complaint was frivolous as to Hammer. Unfortunately, the only way for this Court to stop Plaintiffs and their counsel from wasting the Court's time and the parties' time by filing frivolous complaints is to impose sanctions against them.

Factual Background and Argument

First, it is improper that this suit was brought as a separate action, when there is another suit pending regarding the exact same facts. See *Friedman et al v. Bramzon et al,* Case No. 8:19-

cv-00374-CEH-CPT (the "Bramzon Case"), pending in the Middle District of Florida. The same Plaintiffs brought the Bramzon Case on the same facts on February 12, 2019.

Second, Plaintiffs knew that Hammer had nothing to do with this set of facts, and willfully filed this action despite that knowledge. In the Bramzon Case, Plaintiffs issued multiple subpoenas to Hammer, seeking documents, and requested and then cancelled Hammer's deposition three times. Moreover, in Hammer's Response to the document production, Hammer indicated that his only involvement with the transaction about which Plaintiffs complain was as manager of Defendant TRC Funding Group No. 1 LLC ("TRCFG"). Hammer had never communicated with any of the plaintiffs in any manner prior to that plaintiff's investment in TRCFG. Hammer was co-manager of TRCFG, with Ghen Sugimoto. Among the managers, Mr. Sugimoto exclusively dealt with the Plaintiffs in their investments in TRCFG. With one exception explained below, Hammer's very first interaction with the Plaintiffs was when Hammer was invited as a non-party to a mediation in the Bramzon Case. Plaintiffs are well aware of these facts. The claims against Hammer for fraud and conversion strain credulity.

Third, not only are the allegations in the suit demonstrably false as to me, they are substantively false overall. As Plaintiffs admit in Paragraph 53 of the Complaint, Kevin Friedman learned about Hammer's disbarment and Mitchell Hammer's 22-year-old criminal conviction in Spring 2017. Plaintiff Friedman had extensive discussions with Mitchell Hammer, Ghen Sugimoto, and Hammer on those topics at that time. Specifically, on or about August 28, 2017, Plaintiff Friedman communicated with Ghen Sugimoto and Mitchell Hammer about Mitchell's and Hammer's background issues. On August 28, 2017, in a group text among Diane Sugimoto, Ghen Sugimoto, Kevin Friedman, and Lonny Bramzon, a copy of which is attached hereto as Exhibit A, Plaintiff Friedman wrote:

Had a great talk with Mitch and David. Very appreciative of them telling us about the experience (only talked about Mitch *and David wasn't necessary*). Feel good about everything. If you agree I don't think it's necessary to speak to the this to other guys *since it does not impact the investment*. If they happen to ever find on their own, I will just say I was not aware and we can discuss as we did today.

*Id.* (emphasis added). These text messages were produced by Diane Sugimoto to counsel for the Plaintiffs in the Bramzon Case on August 20, 2019, in an email attached hereto. Again, Plaintiffs' claim that Hammer's 2011 disbarment and Mitchell Hammer's 1995 criminal conviction were in some way relevant to Plaintiffs' investments, particularly in light of the admission above by Plaintiff Friedman, strains credulity. Plaintiffs' allegations in paragraphs 66, 69, 80, 82, 93, and 95 are therefore, clearly and demonstrably false as to Plaintiff Friedman.

Fourth, Plaintiff Friedman acted as the agent of his co-Plaintiffs in their investments. Specifically, Plaintiff Friedman was paid consulting fees for introducing his co-Plaintiffs and bringing their investments. Hammer's only interaction with any of the Plaintiffs prior to the August 9, 2019 mediation in the Bramzon Case was in coordinating these payments to Plaintiff Friedman, and in the discussion related above. Hammer had no interaction whatsoever with any of the other co-Plaintiffs prior to the August 9, 2019 mediation.

Fifth, Mitchell Hammer's 22-year-old criminal conviction is *legally irrelevant* to his participation in a business today. In addition, Hammer's disbarment is also legally irrelevant to any business in which Hammer is involved, as long as Hammer is not practicing law, which he is not. In fact, in the disclosure document attached to the complaint, it states that "[David Hammer] operated a law practice for four years." It is implied from that statement that, following that four-year period, Hammer no longer operates a law practice.

Sixth, the contention that TRCFG has somehow breached its obligations to the Plaintiffs is patently and obviously false. By its own terms, the Plaintiffs made an equity investment into

TRCFG. The terms of that equity investment are extremely generous – Plaintiffs were given a preference to receive in excess of a 100% annual return on their investment. If the investments had been in the nature of debt, they would be a gross violation of the criminal prohibition on usury. See Florida Statutes § 687.071(3), which provides that

> any person making an extension of credit to any person, who shall willfully and knowingly charge, take, or receive interest thereon at a rate exceeding 45 percent per annum or the equivalent rate for a longer or shorter period of time, whether directly or indirectly or conspire to do so, commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

*Id.* So, to construe the documents in the light most favorable to Plaintiffs (not as evidence of felonious behavior by Plaintiffs), their investments were in the nature of equity investments, and their promised returns were contingent on the profit of the company in which Plaintiffs invested. As that company has not yet earned a profit, Plaintiffs are not entitled to any payments at this time for any reason.

Seventh, it follows that because TRCFG is not liable to Plaintiffs for any reason, none of the alleged guarantors named in the Complaint are liable to Plaintiffs for any reason.

Eighth, and finally, Michael Schoeff's contention that Ghen Sugimoto, Mitchell Hammer, and Hammer are in breach of their guaranty is facially and patently false. By its own terms, the guaranty attached to the Complaint provides that it is only effective upon two specific recourse events. There is no evidence whatsoever that either of those events occurred. Moreover, by its own terms, the guarantee provides for a 30-day opportunity to cure. Not only was there no allegation of a violation of either of the recourse events, there was not even an allegation of the 30-day opportunity to cure provided.

<u>Request for Sanctions</u>

The claims that are set forth in the Complaint in this action are not warranted under existing law (i.e., <u>frivolous</u>), and are being presented for an improper purpose (e.g., to harass, cause unnecessary delay, and needlessly increase the cost of litigation). *See, e.g.,* Fed. R. Civ. P. 11(b)(1) and (2). **WHEREFORE,** for the foregoing reasons, Hammer respectfully requests that this Court enter an order requiring Plaintiffs and their counsel, jointly and severally, to contribute $100,000.00 to Legal Services of Greater Miami, Inc., as a sanction for their frivolous lawsuit, and for any other and further relief that this Court deems just.

## **VERIFICATION**

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2019.

Respectfully submitted,

David E. Hammer
Defendant, *pro se*
4826 Troydale Road
Tampa, FL 33615
(813) 786-2620 (telephone)
(813) 418-7018 (facsimile)
dhammer@hammerbiz.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a true and correct copy of the foregoing on this twenty-eighth day of October, 2019, upon Aaron M. Cohn, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 2601 S. Bayshore Drive, Suite 1500, Miami, FL 33133, and upon David I. Matthews, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, 3344 Peachtree Road NE, Suite 2400, Atlanta, GA 30326, by e-mail and overnight courier.

Respectfully submitted,

David E. Hammer

DAVID E. HAMMER
4826 TROYDALE RD.
TAMPA, FL 33615

MIAMI FL 331

20 NOV 2019 PM 6 L

USA FOREVER

UNITED STATES DISTRICT COURT
ATTN: CLERK'S OFFICE
299 E. BROWARD BLVD. #108
FT. LAUDERDALE, FL 33301

33301-197799