**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

KEVIN FRIEDMAN, VIJAY PATEL,
JONATHAN SCHOEFF, MICHAEL SCHOEFF,
and GEORGE SKAFF,

       Plaintiffs,

v.                                                                                  Case No.: 0:19-cv-62481-PCH

DAVID HAMMER; MITCHELL HAMMER;
GHEN SUGIMOTO; DIANE SUGIMOTO;
TRC FUNDING GROUP NO. 1, LLC; and
SMART LEGAL SOLUTIONS, LLC

       Defendants.
_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANT DAVID HAMMER'S
MOTION FOR SANCTIONS PURSUANT TO RULE 11**

Plaintiffs Kevin Friedman, Vijay Patel, Jonathan Schoeff, Michael Schoeff and George

Skaff (collectively, "Plaintiffs"), by and through undersigned counsel, hereby file their

Opposition to Defendant David Hammer's Motion for Sanctions Pursuant to Rule 11 [Dkt. No.

14], and show the Court as follows:

**INTRODUCTION**

David Hammer ("Hammer"), a disbarred attorney that has now threatened other grounds

for sanctions against undersigned in this case, filed his motion for Rule 11 sanctions against

Plaintiffs, purportedly because: (1) another case is pending against another defendant in another

jurisdiction involving the same investment, and (2) because he disagrees with the allegations in

the Complaint.  As discussed below, neither basis meets the legal standard under Rule 11.

Moreover, discovery has not even begun in this case.  Hammer's unsupported and harassing

motion for sanctions should be denied, and Plaintiffs should be awarded their costs of having to defend this frivolous Motion.[1]

<u>FACTUAL AND PROCEDURAL HISTORY</u>

**A.  <u>The Nature of The Scheme.</u>**

This lawsuit involves securities fraud claims against Defendants for their misrepresentations, and fraudulent omissions, relating to an "investment opportunity" in preferred units of TRC Funding Group No. 1, LLC ("TRC Funding").  In connection therewith, Defendants and their entities effectively stole $3.1 million from Plaintiffs.

As set forth in the Complaint, to induce the investments, in or about January, 2017, Defendant Ghen Sugimoto approached Plaintiff Kevin Friedman with an investment opportunity that he claimed was "guaranteed."  (Compl., ¶ 19).  Defendants represented to Plaintiffs that their investment would fund litigation of products liability cases for clients of attorney Lonny Bramzon ("Bramzon") and his law firm, Bramzon & Associates Specialty Litigation, LLC

---

[1]      Hammer is *pro se.*  While *pro se* litigants are generally afforded some latitude in their filings, no such latitude should be afforded here.  A *pro se* filings cannot serve as an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."  *Patterson v. Aiken,* 841 F.2d 386 (N.D. Ga. 1988)(citing, *Farguson v. MBank Houston, N.A.,* 808 F.2d 358, 359 (5th Cir. 1986).  Moreover, Hammer was a licensed attorney.  During his four year tenure as a licensed attorney in the State of Florida, Hammer was disciplined three times before being disbarred in August 2011.  On September 22, 2010, the Honorable Lauren C. Laughlin, acting as Referee, recommended that the State Bar's Petition for Emergency Suspension of Hammer's license to practice law be granted because Hammer engaged in dishonest behavior and misappropriated funds.  The Referee found that Hammer's conduct "exposes the unprotected public to a significant risk of harm."  *See, The Florida Bar v. David Eric Hammer,* Case No. SC10-1596 (Fla. Sept. 22, 2010). In December 2010, Referee Laughlin again found that Hammer "took actions which he knew or should have known were not meritorious, but merely disruptive to the tribunals."  For this conduct, Hammer was publicly reprimanded.  *See, The Florida Bar v. David Eric Hammer,* Case No. SC10-938 (Fla. Dec. 2, 2010).  When Hammer was disbarred, Referee Laughlin found that he took money from his trust fund account for his own personal use. (*See, The Florida Bar v. David Eric Hammer*, Case No. SC10-2029 (Fla. Aug. 1, 2011).  All of the State Bar's findings are available on its website.

("BASL").   (Compl., ¶ 20).   Defendants represented to Plaintiffs that BASL had a docket of approximately 12,500 transvaginal mesh cases and 2,500 other cases, including but not limited to Xarelto, Pradaxa, Risperdal, IVC blood clot filter, Talc Powder, Invokana, and Benicar, thousands of which were in various stages of the settlement process for its clients.  *Id.* at ¶ 21. They further represented to Plaintiffs that tens of millions of dollars in settlement proceeds from the thousands of products liability cases would be available and would be utilized to pay back Plaintiffs' investment *in a year and one day*. (Compl., ¶ 22).   Those statements, and others in the offering documents, were false.

To facilitate Defendants' scheme, on or about January 1, 2017, Defendants David Hammer and Ghen Sugimoto formed Defendants Smart Legal and TRC Funding, both of which are Florida limited liability companies. Defendants David Hammer and Ghen Sugimoto are the members of Smart Legal and TRC Funding. (Compl., ¶ 25).

Using Smart Legal, Defendants prepared a private placement memorandum that offered preferred units of membership in TRC Funding.  The first group of units was to be redeemed by TRC Funding "no later than twelve (12) months and one (1) day from the date the investor's subscription is accepted by the Company."  (Compl., ¶ 28).  The private placement memorandum specifically represented that the "net proceeds realized from this Offering will be used by the Company for working capital and to finance the administrative and case management costs of plaintiffs' mass tort cases."  (Compl., ¶ 30).  Those statements were false too.

Defendants further falsely represented to Plaintiffs that TRC Funding and its affiliated companies had developed a system for vetting products liability cases and generating an internal rate of return of more than 240% within 12 months.  Defendants intentionally failed to disclose the true nature and character of the investment, including but not limited to inflating the number

of viable cases from which the settlement proceeds would be paid, and the speed with which the cases would resolve.

During or about the time of Plaintiffs' initial investments, and in reliance on the misrepresentations of the Defendants, Plaintiffs entered into Subscription Agreements to purchase the units of TRC Funding. The Subscription Agreements were signed on behalf of TRC Funding by Defendant Ghen Sugimoto and ***David Hammer***, as managers of the company. (Compl., ¶ 44). During or around August 2017, defendants Ghen Sugimoto, Mitchell Hammer and ***David Hammer***, jointly and severally, entered into a Guaranty in which they assumed full responsibility for financial performance by TRC Funding under the Private Placement Memorandum and Michael Schoeff's Subscription Agreement, to redeem the Units purchased by Michael Schoeff for four hundred thousand dollars ($400,000.00). This Guaranty was expressly given "in order to induce Michael Schoeff . . . to enter into that certain Private Placement Memorandum dated January 31, 2017 with TRC Funding Group No. 1. LLC. . ." (Compl., ¶ 47).

On information and belief, David Hammer, and the other Defendants, lined their own pockets with Plaintiffs' significant investment. No money was returned to Plaintiffs.

**B. Procedural History.**

In or about February 2019, before filing this lawsuit, Plaintiffs filed a separate action in the Middle District of Florida against other parties involved in the investment scheme, Bramzon and BASL. *See Friedman, et. al. v. Bramzon, et. al.,* Case No. 8:19-cv-374-T-36CPT (M.D. Fla.) (the "Middle District case"). The Middle District case remains pending.

On October 4, 2019, Plaintiffs filed this action, alleging securities fraud against David Hammer, Mitchell Hammer, Ghen Sugimoto, Diane Sugimoto, TRC Funding and Smart Legal (collectively, "Defendants"), as set forth above. The Complaint alleges claims for violation of

Section 10(b) of the 1934 Securities and Exchange Act, violations of Florida securities laws, fraud in the inducement, negligent misrepresentation, Breach of Guaranty against Mitchell Hammer, David Hammer and Ghen Sugimoto, conversion, and a claim for an accounting.

Plaintiffs and their counsel engaged in significant investigation of the allegations of the Complaint before filing this lawsuit.   This case is in its infancy.   Although the individual Defendants have answered, the corporate entities have not appeared or answered.   No discovery has been taken and no motions (other than this one) have been filed.   On November 27, 2019, this Court entered a Scheduling Order setting certain deadlines in the case.

## ARGUMENT AND CITATION TO AUTHORITIES

### I.      Standard for Rule 11 Sanctions.

The United States Supreme Court has noted that "the central purpose of Rule 11 is to deter baseless filings in district court and thus, consistent with the Rules Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). On a motion for sanctions pursuant to Fed. R. Civ. P. 11, a court considers: "(1) whether the party's claims are objectively frivolous; and (2) whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman,* 158 F.3d 516, 524 (11th Cir. 1998); *Byrne v. Nezhat,* 261 F.3d 1075 (11th Cir. 2001). When filing a pleading in federal court, an attorney "certifies that he or she has conducted a reasonable inquiry and that the pleading is well-grounded in fact, legally tenable, and 'is not presented for any improper purpose.'" Fed. R. Civ. P. 11(b).

In the Eleventh Circuit, "three types of conduct warrant Rule 11 sanctions: (1) when... a pleading ... has no reasonable factual basis; (2) when... a pleading... is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument

to change existing law; and (3) when the party files a pleading in bad faith for an improper purpose." *Dide v. Howes,* 988 F.2d 1097 (11th Cir. 1993), *quoting, Pelletier v. Zweifel,* 921 F.2d 1465, 1514 (11th Cir. 1991), cert. denied, 502 U.S. 855 (1991). The reasonableness of the inquiry is adjudged objectively, that is, whether a reasonable person would have conducted a more exacting inquiry under circumstances, which would have revealed the frivolity of the claim. *Fox v. Acadia State Bank,* 937 F.2d 1566 (11th Cir. 1991), citing, *Donaldson v. Clark,* 819 F.2d 1551 (11th Cir. 1987). Reasonableness may depend on several factors, including "whether the paper was based on a plausible view of the law." *See In re Mroz,* 65 F.3d at 1573 (emphasis added). "Sanctions are not appropriate, however, merely because the pleader's view of the law is incorrect." *Thomas v. Evans,* 880 F.2d 1235, 1240 (11th Cir. 1989).

As set forth below, Plaintiffs here have not engaged in any conduct that warrants sanctions, and their Complaint is well-grounded in both fact and law.

## II.     **Hammer's Motion Is Baseless.**

After significant inquiry and investigation, Plaintiffs alleged facts that are more than sufficient to establish all necessary elements for their claims against Hammer and each of the other Defendants.   There is nothing objectively frivolous about the allegations.[2]

Hammer's motion, which is completely devoid of any showing that the claims are frivolous, must be rejected.   Hammer merely provides his unilateral interpretation of the facts and law.

---

[2]     Indeed, the reasonable inquiry standard of Rule 11 does not preclude plaintiffs from establishing the merits of claims through discovery, which Plaintiffs here intend to do. *Donaldson v. Clark,* 819 F.2d 1551 (11th Cir. 1987).

**_First_**, Hammer claims that this litigation is "improper" because of the pendency of the Middle District Action, a lawsuit to which he is not a party.   (Motion, pp. 1-2).  He provides no basis for how this is improper, and none exists.

**_Second_**, Hammer denies certain allegations of the Complaint and sets forth his alleged version of the facts underlying the claims asserted against him in the Complaint. (Motion, p. 2). Merely because Hammer disagrees or disputes those claims does not warrant the imposition of sanctions under Rule 11.  Hammer's motion does *not* deny the existence of the scheme alleged, but, rather, disavows his participation in the scheme.  The allegations of the Complaint show in detail that he was at the center of the scheme as one of the two managers that controlled the investment vehicle, among other things.  He also personally guaranteed TRC Funding's performance to induce plaintiffs' investment.

**_Third_**, Hammer asserts that his disbarment – along with Mitchell Hammer's criminal conviction[3] – (which Plaintiffs did not learn about until after making their investments), is not relevant because Plaintiffs were aware of the issue.  An assertion that an allegation in a Complaint is "irrelevant" does not come close to satisfying the standard for Rule 11 sanctions. Moreover, the purported evidence cited by Hammer does not support his contention that all Plaintiffs were aware of his disbarment.  The quoted text, in fact, shows the opposite – that at least some (if not all) of Plaintiffs were unaware.

**_Fourth_**, the remaining arguments made by Hammer (on pages 3 and 4 of his Motion) amount to nothing more than defenses he believes are applicable to Plaintiffs' claims.  Indeed, Hammer asserted virtually identical affirmative defenses in his Answer, which was filed on

---

[3]   Although Hammer asserts that Mitchell Hammer's criminal conviction is irrelevant, he fails to show how this warrants sanctions against Plaintiffs, or even relates to Plaintiffs' claims against him whatsoever.

November 15, 2019 [Doc. No. 12]. Hammer will have ample opportunity to attempt to prove those affirmative defenses that he believes are applicable.

Under Rule 11, Plaintiffs are required to have a good faith basis for the factual and legal grounds for their claims, and Plaintiffs have such a basis here. The legal theories alleged in the Complaint are well-established, and the factual allegations support each element of the claims. There is no improper purpose to this lawsuit.

Plaintiffs have lost millions of dollars and are entitled to hold the parties responsible for the misrepresentations that induced the investment, and then benefitted therefrom, liable.

Plaintiffs are confident that, following discovery and trial, the evidence will support the detailed allegations and claims asserted in the Complaint, and that Plaintiffs will prevail, but, in any case, sanctions are not warranted regardless of the outcome. *See Gelles v. Skrotsky,* 15 F.Supp.2d 1293 (M.D. Fla. 1998).

### III. Plaintiffs are Entitled to Their Reasonable Costs and Attorneys' Fees for Having to Defend this Motion.

Given that Hammer is a former attorney, and his Motion is nothing more than a strategic tactic that lacks any basis in fact or law, it is reasonable to conclude that the motion was filed solely for the purpose of harassment. Accordingly, Plaintiffs respectfully request that they be awarded their attorneys' fees for having to defend the Motion. *See* Fed. R. Civ. P. 11(c)(2) ("Rule 11 authorizes a court to sanction a party who submits a pleading for an improper purpose."); *see also,* Fed. R. Civ. P. Advisory Committee Note to 1993 amendment ("The filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and can lead to sanctions."); *See, Smith v. Psychiatric Solutions, Inc.,* 864 F.Supp. 2d 1241 (N.D. Fla. 2012); *aff'd* 750 F.3d 1253 (11th Cir. 2014); *Claudet v. First Fed. Credit Control, Inc.,* No. 6:14-cv-2068-Orl-41DAB, 2015 WL 7984410 (M.D. Fla. Nov. 17, 2015).

## CONCLUSION

For the above-stated reasons, Plaintiffs respectfully request that David Hammer's Motion for Sanctions be denied, and that Plaintiffs be awarded their reasonable attorneys' fees incurred in defending this Motion.

Respectfully submitted this 6th day of December, 2019.

WEINBERG WHEELER HUDGINS
GUNN & DIAL, LLC

/s/ Aaron M. Cohn
Aaron M. Cohn
Florida Bar No. 95552
David I. Matthews, admitted *pro hac vice*
2601 S Bayshore Dr., Ste 1500
Miami, FL 33133
P.  (305) 455-9133
F.  (305) 455-9501
acohn@wwhgd.com
mferrer@wwhgd.com
dmallqui@wwhgd.com
dmatthews@wwhgd.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2019, the foregoing document was served by e-mail on the Defendants, David Hammer, Ghen Sugimoto, at the following email addresses: dhammer@hammerbiz.com; ghensugimoto@gmail.com; dianesugimoto@gmail.com.

/s/  Aaron M. Cohn
Aaron M. Cohn