UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 19-cv-62481-PCH/McALILEY

KEVIN FRIEDMAN, VIJAY PATEL,
JONATHAN SCHOEFF, MICHAEL SCHOEFF,
and GEORGE SKAFF,

      Plaintiffs,

v.

DAVID HAMMER, MITCHELL HAMMER,
GHEN SUGIMOTO, DIANE SUGIMOTO,
TRC FUNDING GROUP NO. 1, LLC, and
SMART LEGAL SOLUTIONS, LLC,

      Defendants.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT DIANE SUGIMOTO'S MOTION TO DISMISS

THIS MATTER is before the Court on Defendant Diane Sugimoto's Motion to Dismiss ("Motion"). [ECF No. 61]. Sugimoto moves to dismiss Counts One, Two, Three, Four, Five, and Nine of the Plaintiffs' Amended Complaint ("AC") [ECF No. 55]. She argues that Counts One through Three, which allege violations of the federal and Florida securities laws, must be dismissed because Plaintiffs brought the claims outside of the applicable statutes of limitations. (Mot. at 9–19). She argues that Counts One through Five, which allege violations of the federal and Federal securities laws (Counts One through Three), fraud in the inducement (Count Four), and negligent misrepresentation (Count Five), must be dismissed because Plaintiffs' Amended Complaint fails to set forth facts that, if believed, would establish that the Defendants' alleged acts and omissions caused the Plaintiffs to suffer economic losses. (Mot. at 19–20). She argues that Counts One through Four must be dismissed because they are not pled with sufficient particularity. (Mot. at 20–21). Finally, she argues that Count Nine, which makes a claim for an accounting, must be dismissed because she is not a fiduciary to the Plaintiffs. (Mot. at 8–9). The other Defendants filed Notices of Joinder in Sugimoto's Motion. [ECF Nos. 63, 75]. For the reasons discussed below, the Court finds that only Sugimoto's challenge to the accounting claim has merit.

### I.    BACKGROUND

Plaintiffs allege in their Amended Complaint that Defendants defrauded them into purchasing membership interests in TRC Funding Group No. 1, LLC, ("TRC Funding Group"), a company formed to facilitate Defendants' fraudulent scheme. (*See generally* AC). Plaintiffs contend that "Defendants David Hammer, Mitchell Hammer, Diane Sugimoto and Ghen

1

Sugimoto represented to Plaintiffs that their investment would fund litigation of products liability cases" that promised incredible returns with "zero risk", (AC at ¶¶ 20, 22, 32), but in reality, "Defendants' representations were false, as they never intended to return any of the Plaintiffs' investments" (AC at ¶ 57). Plaintiffs allege that Defendants fraudulently misled them as to TRC Funding's financial situation, the risks associated with their investments, the time by which the Plaintiffs' principal would be redeemed, and the guaranties certain defendants made after the Plaintiffs' initial investments. (*See generally id.*).

Based on these allegations, Plaintiffs assert violations of Section 10(b) of the 1934 Securities and Exchange Act, 15 U.S.C. Section 77 and Rule 10b-5, C.F.R. Section 240.10b-5 (Count One); Section 20(a) of the same act, 15 U.S.C. Section 78t (Count Two); the Florida Securities and Investor Protection Act, Florida Statutes Section 517.301 (Count Three); Fraud in the Inducement (Count Four); Negligent Misrepresentation (Count Five); Breaches of Guaranties (Counts Six, Seven, and Eight), and a claim for an accounting (Count Nine).

## II.   DISCUSSION

Sugimoto moves to dismiss Counts One through Five and Count Nine of Plaintiffs' Amended Complaint. On a motion to dismiss a complaint, the Court accepts the complaint's factual allegations as true, and determines whether those allegations raise the plaintiffs' right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007). The Court will dismiss the complaint only if the allegations in the complaint fail to make the plaintiffs' right to relief appear plausible. *Id.*

### A. Waiver

Plaintiffs contend that Sugimoto has waived her right to move to dismiss the counts which are the subject of her motion, save for Count Two, because the initial complaint included those counts and Sugimoto has already answered them. "Although, under the Federal Rules of Civil Procedure, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case . . . , the filing of an amended complaint does not automatically revive all defenses or objections that the defendant may have waived in response to the initial complaint." *Krinsk v. SunTrust Bank, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) (quotation omitted). "However, the defendant will be allowed to plead anew in response to an amended complaint, as if it were the initial complaint, when the amended complaint changes the theory or scope of the case." *Id.* (quotation omitted). "It simply would be unfair to allow the plaintiff to change the scope of the case without granting the defendant an opportunity to respond anew." *Id.* The Court is satisfied that the Amended Complaint's addition of Count Two, which seeks to hold TRC Funding Group and Smart Legal Solutions liable as well as Sugimoto and the other individual defendants for having controlled these entities, and Counts Six through Eight, which allege that certain individual defendants breached guaranties, sufficiently expands the scope of the case to permit Sugimoto to respond anew. Plaintiffs' addition of Count Two in particular expands the possible theories under which Sugimoto herself could be found liable, while the counts alleging breaches of guaranties potentially impact her reasonable perception of the case and its potential merit. Because prohibiting Sugimoto from responding anew would be unfair, the Court rejects Plaintiffs' argument, based on unpublished and nonbinding case law, that Sugimoto has waived her right to assert the defense that Plaintiffs have not stated a claim upon which relief may be granted in their Amended Complaint.

### B. Statute of Limitations

Sugimoto argues that Plaintiffs brought Counts One through Three, which allege violations of the federal and state securities laws, outside of the applicable statutes of limitations and therefore the Court must dismiss those claims. The Court may dismiss a claim on a motion to dismiss because the statute of limitations has run only "if noncompliance with the statute of limitations is apparent on the face of the complaint." *See Omar ex. rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251–52 (11th Cir. 2003). "It is beyond dispute that the defendants have the burden of proof in establishing the elements of the affirmative defense of the statute of limitations." *Smith v. Duff and Phelps, Inc.*, 5 F.3d 488, 492 n.9 (11th Cir. 1993). Sugimoto fails to carry that burden.

Sugimoto argues that the applicable limitations period for Plaintiffs' claims in Counts One through Three is two years from the date of the Plaintiffs' purchases of the securities. (Mot. at 9–10). Under the federal Securities and Exchange Act, an investor can bring a fraud claim either two years after the discovery of the facts constituting the violation or five years after the violation. 28 U.S.C. § 1658(b). The Florida Securities and Investor Protection Act carries these same limitations. *See* Fla. Stat. § 95.11(4)(e). Plaintiffs purchased their securities in 2017 and 2018, so Sugimoto must establish that the two-year bar applies to Plaintiffs' claims to prevail on her argument.

Sugimoto contends that the dates of the Plaintiffs' purchases are, as a matter of law, also the dates the Plaintiffs learned, or should have learned, of Defendants' alleged violations. (Mot. at 10). Sugimoto relies on *Altenel, Inc. v. Millenium Partners, L.L.C.*, 947 F.Supp.2d 1357 (Fla. S.D. 2013). In *Altenel*, the plaintiffs' complaint asserted that "the Defendants marketed and sold securities without registering them, filing a prospectus, or obtaining a sales permit, in violation of Section 517 of the Florida Statutes." 947 F.Supp.2d at 1373. The Court in *Altenel* applied to this unregistered-securities claim the basic rule that the "two-year clock on a claim under the Florida Securities Act begins to run from the time when a plaintiff discovered or should have discovered the violation—i.e., when it had constructive notice of the facts giving rise to the claim." *Id.* "[T]he two-year statute of limitations applicable to a cause of action for selling an unregistered security begins to run from the date of the sale on the ground that 'a seller of securities cannot conceal the fact that the securities he sells are not registered.'" *Id.* (quoting *GLK, L.P. v. Four Seasons Hotel Ltd.*, 22 So.3d 635, 637–38 (Fla. 3rd D.C.A. 2009)). Plaintiffs do not base their fraud and fraud-like claims on the fact that the securities they purchased were unregistered. Instead, they claim that the Defendants fraudulently induced them to purchase securities by misrepresenting the risks associated with the investment, not by concealing the fact that the securities were unregistered. *Altenel*'s application of the rule that a seller cannot conceal the fact that the securities he sells are not registered is irrelevant to the timeliness of Plaintiffs' fraud claims. Because Sugimoto does not establish that Plaintiffs knew or should have known of the fraudulent acts and omissions alleged at the time they made their purchases, she has not demonstrated that the conditional statute of limitations period has run.

Sugimoto next argues that Plaintiffs should have ignored the alleged oral misrepresentations and misleading future projections due to language about risk in the Private Placement Memorandum (PPM). This argument involves factual questions inappropriate for resolution on a motion to dismiss. (Mot. at 11–13). The question of due diligence is a factual

3

issue involving states of mind that "is simply not feasible to resolve . . . on motion for summary judgment," *Durham v. Business Management Associates*, 847 F.2d 1505, 1509 (11th Cir. 1988), let alone on a motion to dismiss a complaint. Sugimoto identifies no authority, and the Court is aware of none, holding that a reasonable juror would have to find that a reasonable investor would have ignored the alleged oral misrepresentations, including that the investment carried "zero risk" and the alleged factual misrepresentations about TRC Funding Group's financial situation. (AC at ¶ 56). In the absence of authority that a reasonable juror could not find that a reasonable investor would have reasonably relied on Defendants' oral representations, the Court will not resolve this factual question at this stage.

Sugimoto also argues that the PPM's warnings about risk entitle Defendants to the bespeaks-caution defense. As this Court has recognized, the bespeaks-caution doctrine does not apply to the misrepresentation of present or historical facts, such as the intentional fraud Plaintiffs allege here. *See Marrari v. Medical Staffing Holdings, Inc.*, 395 F.Supp.2d 1169, 1179 (S.D. Fla. 2005) ("If Plaintiffs['] allegations are proven true, then the risk disclosures contained within the IPO materials would [be] inadequate, since the risk disclosures would purport to be forward-looking when in fact the risks were already present." (alterations added)). Defendants identify no language in the PPM warning Plaintiffs that they were falling victim to the Defendants' fraud. Plaintiffs allege that Defendants intentionally defrauded them by lying to them about the then-current state of TRC Funding Group's affairs and the risks inherent in their investments. They do not allege that Defendants failed to warn them about unforeseen risks that might have arisen in the future. The bespeaks-caution doctrine does not establish that the statute of limitations has run on Plaintiffs' claims.

### C. Causation

Sugimoto argues that the Amended Complaint fails to plead facts that would establish that Defendants caused Plaintiffs to suffer economic losses. (Mot. at 19–20). To ultimately prevail on their securities-fraud claims, Plaintiffs must prove that Defendants caused them to engage in a transaction and that the transaction caused them to lose money. *Anderson v. Transglobe Energy Corp.*, 35 F.Supp.2d 1363, 1369 (Fla. M.D. 1999). To properly plead transaction causation, Plaintiffs need only "allege that the Defendants' misrepresentations or omissions induced the Plaintiffs to make the investments." *Id.* To properly plead loss causation, Plaintiffs "can allege that they would not have invested had they known the truth, and that the untruth was in some reasonable direct way responsible for the loss." *Id.* The Amended Complaint clearly meets these criteria. It alleges that Plaintiffs "would not have agreed to purchase the securities and invest in TRC Funding but for Defendants' misleading statements and failure to disclose material facts," including the Defendants' "repeated assurances that the investment was 'zero risk'" and their omissions as to the financial instability of their scheme. (AC ¶¶ 70–71). The Amended Complaint also alleges that Plaintiffs suffered damages in connection with the purchase of the membership interests in TRC Funding and that none of Plaintiffs' money was ever returned within an agreed-upon timeframe. (AC ¶¶ 53, 68, 72). While Sugimoto is correct that Plaintiffs' Amended Complaint alleges that Kevin Friedman knew about David Hammer's disbarment and Mitchell Hammer's criminal conviction for violating securities laws before the Plaintiffs had made all their investments, (AC ¶ 54), this knowledge is not imputed to the other Plaintiffs. And even if all the Plaintiffs knew of these facts, the Amended Complaint's other

allegations, including those referenced above, would satisfy the elements of transaction and loss causation if proved at trial.

Sugimoto argues that the Amended Complaint does not sufficiently explain the loss in value of Plaintiffs' preferred membership units. (Mot. at 20). The loss is sufficiently alleged. The Amended Complaint alleges that Plaintiffs were entitled to redeem their units within a year of their 2017 and 2018 investments. (AC at ¶ 43). It also alleges that, as of the time of the Amended Complaint, Defendants have not made any of the payments required to redeem the preferred units of membership in TRC Funding according to the schedules set forth in the PPM. (AC at ¶¶ 52–53). These allegations sufficiently state a claim that Plaintiffs have suffered an economic loss due to the transaction.

### D. <u>Particularity</u>

Sugimoto argues that the Amended Complaint does not plead fraud with sufficient particularity and improperly lumps Defendants together rather than singling out each defendant's acts and omissions separately. (Mot. at 20–22). To satisfy Rule 9(b)'s heightened pleading requirement applicable to fraud claims, a complaint must include (1) precisely what statements or omissions were made, (2) the time and place of, and the person responsible for, each statement or omission, (3) the content of the statements or omissions and how they misled the plaintiffs, and (4) what the defendants obtained by the fraud. *Mizarro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008). The Amended Complaint satisfies these requirements. It alleges that each Defendant, identified by name, knowingly "failed to disclose to Plaintiffs that a former vendor's claims against TRC Funding would affect TRC Funding's ability to perform its financial obligations and make the payments required to redeem the preferred units of membership in TRC Funding according to the schedules set forth in the private placement memorandum." (AC at ¶ 36). The Amended Complaint sufficiently alerts Defendants to Plaintiffs' claim that from 2016 to 2018, the Defendants concocted and then enacted a scheme to take Plaintiffs' money under the guise of a risk-free investment, withheld critical information about the then-current risks impacting the investment, did so with no intention of returning the principal invested or proceeds therefrom as promised, and never returned any money to Plaintiffs within the agreed-upon timeframe. (*See* AC ¶¶ 19–57). The Amended Complaint does so with particularity, specifying which Defendants were involved in each interaction, representation, and omission. Paragraphs 22 and 31, for instance, specify that David Hammer, Mitchell Hammer, Diane Sugimoto, and Ghen Sugimoto misrepresented the risks associated with Plaintiffs' investments, whereas Paragraphs 48 through 49 specify that only Ghen Sugimoto and David Hammer were responsible for certain misleading guaranties. (AC at ¶¶ 22, 31, 48, 49). Plaintiffs' Amended Complaint sufficiently pleads different instances of fraud and it does not simply lump all Defendants together.

Sugimoto argues that the Plaintiffs fail to properly plead scienter. A complaint "must allege facts sufficiently demonstrating each defendant's state of mind regarding his or her violations." *Phillips v. Scientific-Atlanta, Inc.*, 374 F.3d 1015, 1018 (11th Cir. 2004). The Amended Complaint alleges that each individually named Defendant knew that TRC Funding's operation was unstable and hid this risk in his or her "own self-interests" by representing that their "zero risk" system would generate a 240% return for Plaintiffs within 12 months. (AC ¶¶ 31–32, 37). It also alleges that each Defendant falsely represented, with knowledge of the falsity, that TRC Funding was unencumbered with debt. (AC ¶¶ 33–40). The Amended Complaint

5

sufficiently pleads that each Defendant knew that his or her acts or omissions were fraudulent in nature.

### E. Accounting

Sugimoto argues that the Plaintiffs' claim in Count Nine, which requests that the Court use its powers in equity to order a full accounting of Plaintiffs' investment funds, must be dismissed because no fiduciary relationship exists between Plaintiffs and Defendants. (Mot. at 8–9). Even when no fiduciary relationship between the parties exists, "Florida law provides an accounting where the accounts between the parties are sufficiently complicated and an adequate remedy at law is lacking." *Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1311 (11th Cir. 2014). An accounting, however, is a remedy for a cause of action, not a cause of action in its own right. *Id.* at 1310 n.21. And an accounting is appropriate only where there is no adequate remedy at law for the underlying cause of action. *See, e.g.*, *Dahlawi v. Ramlawi*, 644 So.2d 523, 524 (Fla. 3rd D.C.A. 1994) ("In a partnership dispute, the appropriate remedy is a formal accounting of the partnership affairs, and an action at law may generally not be maintained . . . [I]f Ramlawi proves a partnership was established, his remedy is to seek an accounting, not an award for damages."). Here it appears from the face of the Amended Complaint that Plaintiffs do have an adequate remedy at law because they claim that they are entitled to actual, incidental, and consequential damages. (AC at 30). And, in any event, Plaintiffs cannot state a claim for an accounting as a separate cause of action.[1] The Court may decide that the Plaintiffs are entitled to an accounting at a later date if they demonstrate that they in fact have no adequate remedy at law for the underlying causes of action and the accounts between the parties are sufficiently complicated.

### III. CONCLUSION

For the foregoing reasons it is hereby

ORDERED AND ADJUDGED THAT:

1. The Motion to Dismiss [ECF NO. 61] is GRANTED in part and DENIED in part.

2. Plaintiffs' claim for an Accounting, Count Nine of the Amended Complaint [ECF No. 55], is dismissed without prejudice.

3. The Motion is denied in all other respects.

4. Sugimoto shall file an Answer to the remaining counts in the Amended Complaint on or before Thursday, June 4, 2020. Because the other Defendants joined in Sugimoto's Motion to Dismiss, [ECF No. 63, 75], and have not answered Plaintiffs' Amended Complaint, they also shall file their Answers to the Amended Complaint on or before Thursday, June 4, 2020.

---

[1] Even if Plaintiffs could state a claim for an accounting as a separate cause of action, the Court sees nothing in the Plaintiffs' complaint indicating that the accounts between the parties are sufficiently complicated to warrant an accounting.

DONE AND ORDERED in Chambers in Miami, Florida, this 20th day of May 2020.

_____
PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

CC: counsel of record